## Commonwealth *v.* Harvey, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Dennis T. Kelly,* Deputy Defender, *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman, Douglas B. Richardson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia County by the defendant-appellant, Nor-

man Harvey, after conviction before a judge without a jury of aggravated robbery and burglary. Concurrent sentences of four (4) to eight (8) years were imposed on the charges.

The issue in this case was the refusal of the court below to suppress a photographic identification made out of court prior to the appellant's arrest during a criminal investigation by the police. The appellant further complains that the in-court identification was legally deficient.

The facts are as follows: On December 17, 1972, at about 5:45 P.M., the victim was preparing to leave his home when he opened the door on hearing someone on the porch. When he opened the door, there was a man holding and pointing a sawed-off shot gun at him. This man he later identified as the appellant.

The man ordered him into the house and then entered with an accomplice. He was forced to lie down alongside his wife and daughter and all three were bound. His wallet was taken as well as cameras and camera equipment. The police were given a description of the robbers, one was described as 6' 6" tall, approximately 170 pounds with a close-cropped bush haircut. The appellant was observed by the victim in a well-lighted doorway for approximately 30 to 45 seconds at close range.

The investigating detective testified that later, relying on the description given he selected eight (8) photographs for the victim to examine. These photographs were placed on a table at the police station. He was alone when he examined the pictures and he selected the picture of the appellant as his assailant.

The appellant first contends that he was entitled to counsel at the photographic identification even though he was not under arrest. It is now clear that he has no such right to be present and represented by counsel at a pre-arrest identification. *United States*

*ex rel. Reed v. Anderson*, 461 F. 2d 739 (3d Cir. 1972);
*United States v. Ash*, 413 U.S. 300, 93 S. Ct. 2568, 37
L. Ed. 2d 619 (1973).

However, the appellant strenuously contends that
the police had probable cause to arrest before the photo-
graphic identification. It is clear that adverse crim-
inal proceedings had not commenced at that time. There
is no legal right which requires arrest the minute prob-
able cause may exist as this would curtail police in-
vestigation to secure sufficient evidence to sustain the
Commonwealth's burden of proof.

The appellant at the time of the identification was
not under arrest and the Supreme Court of Pennsyl-
vania has recently determined that adverse proceed-
ings commence only at the time of arrest. *Common-
wealth v. Richman*, 458 Pa. 167, 320 A. 2d 351 (1974).

Although we are not called upon to decide this ques-
tion, it should be noted that the Supreme Court of the
United States in *United States v. Ash*, supra, held that
there is no right to counsel at photographic identifica-
tion either before or after arrest. We are only con-
cerned with the police situation before the arrest.

Nevertheless, the appellant contends on the author-
ity of *Commonwealth v. Claitt*, 454 Pa. 313, 311 A. 2d
922 (1973), that "the Court made it clear that it intends
to follow the Zeiler (United States v. Zeiler, 427 F. 2d
1305 (3d Cir. 1970)) and Whiting (Commonwealth
v. Whiting, 439 Pa. 205 (1970)) requirement that coun-
sel be present at photographic identifications where the
*subject is in custody.*" (Emphasis—the opinion writer).

*Zeiler*, supra, was specifically overruled by *United
States ex rel. Reed v. Anderson*, supra. *Zeiler* was not
mentioned in any of the opinions filed in *Claitt*, supra,
(Majority and two concurring); *Whiting*, supra, was
held inapplicable in the majority opinion in *Claitt*,
supra. In a concurring opinion, Mr. Justice POMEROY
pointed out that *Whiting* could "no longer be considered

to be an accurate statement of federal constitutional law," *Commonwealth v. Claitt, supra,* at page 319. It is within the realm of possibility that the Pennsylvania Supreme Court may, pursuant to the exercise of its supervisory powers, require that counsel be present at pre- and post-arrest photographic display, but it has not yet done so and there is no constitutional requirement to do so. *Commonwealth v. Ash, supra.*

A conviction based on pre-trial identification by photograph may be set aside only on the ground that the identification presented was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384 (1968).

A careful reading of this record discloses that there is no basis for the suggestion that the identification procedure was unduly suggestive. See *Stovall v. Denno,* 388 U.S. 293, 302 (1967). Having observed the appellant for 30 to 40 seconds at two different times in a well-lit room, the victim was able to supply the police with a general but accurate description shortly after the incident. Approximately twelve hours later, the eight (8) photographs were provided by the police. All of the men in the pictures generally fit the description given. The record indicates that nothing suggestive was said to the victim to influence his identification and he was left alone to study the pictures.

The procedure followed was not suggestive and the court below properly admitted the evidence of the out-of-court identification into evidence. The court, then was not required to determine whether the photographic identification tainted the in-court identification.

Judgment affirmed.

———

CONCURRING OPINION BY SPAETH, J. :

The lead opinion holds that defendant was not entitled to counsel at the pre-arrest photographic identi-

fication. I agree with this conclusion. In *dictum,* however, the opinion cites *United States v. Ash,* 413 U.S. 300 (1973), for the rule that there is no right to counsel at photographic identification either before or after arrest. While this is a correct statement of federal constitutional law, I do not regard it as a correct statement of Pennsylvania constitutional law. In my concurring opinion in *Commonwealth v. Jackson,* 227 Pa. Superior Ct. 1, 15, 323 A.2d 799 (1974), I stated that the right to counsel in all criminal prosecutions guaranteed by Article I, §9, of the Pennsylvania Constitution should be held to include the right to counsel at post-indictment photographic identifications. No attempt was made in that opinion to pin-point when the right first attaches. Since *Jackson,* the Pennsylvania Supreme Court, as the majority notes, has ruled that the right to have counsel present at line-ups attaches at arrest. *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974). Therefore, in my view, it follows that an accused has a right to counsel at all photographic displays held after his arrest. Here, however, this right was not available, since the identification was made before his arrest.

HOFFMAN, J., joins in this opinion.