491 A.2d 845

**COMMONWEALTH of Pennsylvania**

v.

**John Joseph LUPATSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1984.

Filed March 29, 1985.

disclose under which subsection of 18 Pa.C.S. § 2701 the defendant had been charged and convicted.

Peter J. Hill, Assistant Public Defender, Allentown, for appellant.

Elwood R. Harding, Jr., District Attorney, Bloomsburg, for Commonwealth, appellee.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence imposed pursuant to appellant's plea of guilty to three counts of delivering marijuana. Appellant claims that his sentence,

three concurrent terms of one and one half to five years imprisonment, was excessive and an abuse of judicial discretion. Specifically, it is alleged that the court erred in considering as an aggravating factor prior summary convictions, which, properly, were not factored into the prior record score, in order to escalate appellant's sentence into the aggravated minimum range provided by the Sentencing Guidelines, i.e., that an impermissible procedure was employed resulting in an excessive sentence. If this consideration alone was the basis for increasing the sentence, we would agree. However, the trial court, in sentencing, considered the totality .of the defendant's background and particularly emphasized that despite the fact he would agree to concurring sentences on the three offenses, he would not ignore the three separate sales resulting in three separate convictions.

█  Although appellant's sentence is less than the maximum 7½ to 15 years allowable under 35 Pa.C.S.A. § 780–113(f)(2), we may still set it aside if we find that inadequate reasons have been given for its imposition, *Commonwealth v. Gaskin*, 325 Pa.Super. 349, 472 A.2d 1154 (1984), or, if from a review of the record it appears that the sentencing court relied partially or wholly on an impermissible factor in fashioning a penalty. *Commonwealth v. Duden*, 326 Pa. Super. 73, 473 A.2d 614 (1984).

█  In this instance, the information relied on need not have been eliminated from consideration. It is well settled that the court has broad discretion in sentencing which we will not disturb absent abuse. *Commonwealth v. Holler*, 326 Pa.Super. 304, 473 A.2d 1103 (1984). It is further clear that the court · is bound to examine a range of factors concerning the person and history of the defendant, and the particular circumstances of the crime in fashioning its sentence. *Commonwealth v. Weldon*, 320 Pa.Super. 102, 466 A.2d 1082 (1983). Prior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized. *See e.g., Common-*

*wealth v. Bryant,* 312 Pa.Super. 379, 458 A.2d 1010 (1983) (prior arrests not resulting in convictions).

We know of no case, and appellee has cited none, which allows prior convictions alone, too minor to be incorporated into a prior record score, to be used as aggravating circumstances in enhancing a sentence, especially where the prior convictions bear no relation to the crime for which penalty is being determined. The sentencing code would, in fact, by analogy, seem to indicate otherwise.

The death penalty statute, 42 Pa.C.S.A. § 9711(d), the only clear exposition of aggravating circumstances, limits these to either of two factual categories: actions connected in an immediate manner to commission of the particular crime, or prior convictions evidencing the propensity to commit such a crime.

42 Pa.C.S.A. § 9721, Guideline 303.7(f) offers another analogue to the proper utilization of prior convictions.

Past Convictions.

When the grading of the current offense is dependent upon past convictions, those convictions shall not be used in computing the prior record score. For example: retail theft, some violations of The Controlled Substance Drug Device and Cosmetic Act (35 Pa.C.S. § 780–101—780–144) and some motor vehicle offenses take a higher statutory classification when the defendant has been previously convicted of the same offense.

This section makes unambiguously clear that what is usable to once enhance a sentence may not be employed to duplicative effect. We find that the reverse is true as well.

42 Pa.C.S.A. § 9721, Guideline 303.7(e)

Excluded offenses. *Summary offenses,* violation of local ordinances, dispositions under Pa.R.Crim.P. 175–185 (relating to accelerated rehabilitative disposition), 35 Pa.C.S. § 780– (relating to probation without verdict) or 35 Pa. C.S. § 780–118 (relating to disposition in lieu of trial or criminal punishment) shall not be used in computing the prior record score. (emphasis added)

■ The prior convictions applied by the court to intensify appellant's sentence fall under the rubric of excluded offenses in computing a prior record score. What appellant loses sight of is that while they may not be used to move from one step to another in the prior record score range of zero to six, they may be considered in fixing the penalty within the range of "mitigated" to "aggravated" at that step. We find no argument with consideration of such offenses for purposes of sentencing when, in addition, the trial judge considered the crucial fact that the defendant was sentenced on three independent charges, albeit to run concurrently. In this respect, the court satisfied the requirement of the Sentencing Guidelines, 42 Pa.C.S.A. § 9721, 204 Pa.Code § 303.3(2) "it shall state the reason (when aggravating or mitigating reasons warrant) on the record." *Commonwealth v. Bedleyoung*, 319 Pa.Super. 323, 466 A.2d 180 (1983). Within its discretion, the court could have refused the bargain and required trial or a wider range of sentencing.

Here, the defendant received the benefit of a bargain to have the three separate sentences run concurrently and we see no abuse of discretion by the trial judge in considering the obvious, that there were three offenses and imposing a higher sentence than had there only been one.

Accordingly, judgment of sentence is affirmed.