509 A.2d 407

**COMMONWEALTH of Pennsylvania**

v.

**Bernard CARTER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1986.

Filed May 19, 1986.

David Mauro, Bellevue, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before WICKERSHAM, WATKINS and CERCONE, JJ.

WATKINS, Judge:

This submitted case comes to us on appeal from the Judgment of Sentence entered on June 8, 1984, in the Court of Common Pleas of Allegheny County sentencing appellant to serve not less than five (5) nor more than ten (10) years of imprisonment.

On May 23, 1983, the appellant, Bernard Carter, was charged with one (1) count of robbery. Following a non-jury trial before the Honorable Quint Salmon appellant was found guilty of robbery on October 6, 1983. By appointed trial counsel, appellant filed Motion for New Trial and/or Arrest of Judgment, by leave of the court below, nunc pro tunc, on October 25, 1983. This motion was denied by Judge Salmon on May 22, 1984. On June 8, 1984, Judge Salmon sentenced appellant to a term of imprisonment of not less than five (5) nor more than ten (10) years. On June 21, 1984, appellant filed by mail his *pro se* Motion for Reconsideration of Sentence which was denied. A second *pro se* Motion for Reconsideration of Sentence was filed by appellant on June 28, 1984.

On August 25, 1984, the appellant requested that the Office of the Public Defender withdraw from his appeal because he wished to raise the issue of trial counsel's ineffectiveness. (The Public Defender's Office had filed a notice of appeal on July 6, 1984.) The Office of the Public Defender petitioned the court for permission to withdraw which was denied. On December 28, 1984, the Public Defender's Office filed a Petition for Reconsideration of their withdrawal. A petition for review of the court's decision was filed with the Pennsylvania Supreme Court

which granted the relief sought on June 20, 1985. On July 30, 1985, this Court also granted appellant's request to have the Public Defender's Office withdraw its representation of appellant and remanded the case to the Court of Common Pleas of Allegheny County for the appointment of new counsel. This appeal followed.

Appellant presents the following questions for our consideration:

1. Was the Commonwealth's evidence sufficient to sustain appellant's conviction for robbery?

2. Was appellant denied effective assistance of trial counsel?

■ The court below has adequately addressed the first question presented on appeal. Accordingly we turn to appellant's remaining question concerning the ineffectiveness of trial counsel. Appellant alleges several instances of trial counsel's ineffectiveness. First, appellant contends that trial counsel was ineffective for failing to preserve pre-trial issues for review by including them in post-trial motions, specifically counsel failed to include the pre-trial motion to suppress appellant's identification based on an alleged illegal and tainted photo array in post-trial motions.

In *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984), the Pennsylvania Supreme Court held that where it is clear that allegations of ineffectiveness of counsel are baseless or meritless, then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed.

It is apparent upon review that appellant knowingly and willingly relinquished his right to preserve his pre-trial omnibus motion. In open court, in colloquy, appellant and his trial counsel testified as follows:

MR. RUDDY: ... your counsel has filed an omnibus pre-trial motions with regard to this case. Are you aware of that?

MR. CARTER: Yeah.

MR. RUDDY: Have you discussed that motion with your counsel, Mr. Sayles?

MR. CARTER: Yes.

MR. RUDDY: Now, is it your intention to withdraw that motion prior to this non-jury trial?

MR. CARTER: I do.

MR. RUDDY: You wish to withdraw it?

MR. CARTER: Yes.

MR. RUDDY: And that was with consulting with your attorney and with the advice of Mr. Sayles, is that correct?

MR. CARTER: My lawyer.

MR. RUDDY: I have nothing further.

MR. SAYLES: Your honor, at this time, I'd like to make a formal motion to withdraw the motion that I filed on Mr. Carter's behalf.

Appellant's pre-trial motion requested that the court suppress the photo array on grounds that it was patently unfair and suggestive. The photographic array was consistent with the general description given by the eyewitnesses and was in no way "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Commonwealth v. Harvey*, 231 Pa. Superior Ct. 86, 90, 331 A.2d 915, 917 (1974). Therefore, we conclude that appellant's motion to suppress the evidence was without merit and counsel cannot be deemed ineffective for failure to raise frivolous claims.

Appellant also asserts that trial counsel was ineffective for failing to devote adequate time to prepare appellant's defense, for failing to consult with appellant concerning his defense, for failing to show due diligence in contacting defense witnesses, and by insisting that appellant waive his right to a jury trial.

▮▮▮ Counsel who is alleging ineffectiveness must set forth an offer to prove ... sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. The court will no longer consider claims of ineffective assistance of counsel in the abstract. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332

(1981). Appellant's allegations of ineffectiveness as presented are either unsubstantiated or completely abstract. Absent any showing that appellant's defense was prejudiced by his counsel's conduct, these abstract claims have no cognizable merit. *Commonwealth v. Laurenson,* 323 Pa. Superior Ct. 46, 470 A.2d 122 (1983).

Finally, appellant contends that trial counsel was ineffective for agreeing with the Commonwealth that a Mandatory Minimum Sentence under 42 Pa.C.S.A. § 9714 applied to appellant because of appellant's prior felony conviction for robbery.

The Commonwealth concedes that the factual circumstances of appellant's case precluded application of the provision of the Mandatory Sentencing Act, Title 42 § 9714, at the Sentencing Hearing of June 8, 1984.

Section 9714(b)(2) states that the previous conviction must have occurred within seven years of the date of the commission of the instant offense. The offense here occurred in October, 1982, eight years after the 1974 robbery conviction.

Considering the foregoing, we will vacate the sentence and remand for resentencing.

Sentence vacated and remanded for resentencing.