533 A.2d 732

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dawn D. GRETZ, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1986.

Filed Oct. 16, 1987.

Reargument Denied Dec. 10, 1987.

Richard S. Wasserbly, Doylestown, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence imposed following a guilty plea to a charge of driving under the influence of alcohol. The sole issue is whether the trial

court erred in concluding that the Drunk Driving Act[1] required that it impose a minimum sentence of thirty days imprisonment under the circumstances of this case. For the reasons which follow, we vacate judgment and remand for resentencing.

This matter involves two separate arrests for driving under the influence of alcohol (DUI). Appellant, Dawn Gretz, was first arrested and charged with DUI in Chester County, Pennsylvania, on May 2, 1984. She thereafter applied for and was accepted into the Accelerated Rehabilitative Disposition (ARD) program. While under the supervision of that program, appellant was arrested and charged with DUI in Bucks County, Pennsylvania, on January 18, 1985. Following appellant's guilty plea to this second offense, the Honorable Kenneth G. Biehn of the Court of Common Pleas of Bucks County sentenced appellant to a term of forty-eight hours to one year imprisonment pursuant to the first offender provision of the Drunk Driving Act, 75 Pa.C.S.A. § 3731(e)(1)(i). Upon learning of this conviction, the district attorney of Chester County requested and obtained appellant's removal from the ARD program. Thereafter, on March 31, 1986, appellant appeared before the Honorable Thomas G. Gavin of the Court of Common Pleas of Chester County and pled guilty to the DUI charge that was first in time of arrest, but second in time for sentencing purposes. On the same date, Judge Gavin sentenced appellant to thirty days to twenty-three months imprisonment pursuant to the second offender provision of the Drunk Driving Act, 75 Pa.C.S.A. § 3731(e)(1)(ii). Appellant filed a motion to modify sentence which Judge Gavin denied. It is the latter sentence which appellant challenges in this appeal.

In sentencing appellant for the May 2, 1984 offense (1984 offense) at issue here, the trial court concluded that appellant had properly been sentenced as a first offender for the January 18, 1985 offense (1985 offense). Next, believing that appellant had "previously been convicted" in view of

1. December 15, 1982, P.L. 1268, No. 289, § 9, 75 Pa.C.S.A. § 3731.

the guilty plea and sentencing for the 1985 offense, the court concluded that it was required to sentence appellant as a second offender for the 1984 offense. Upon review, we find that both conclusions were in error. We find specifically that appellant should have been sentenced as a second offender for the 1985 offense and as a first offender for the 1984 offense.

■ Sentencing for DUI convictions is governed by § 3731(e) of the Vehicle Code. That section provides in part:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

.        .        .        .        .

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731(e). In concluding that appellant's sentence for the 1985 offense was proper, the trial court interpreted these provisions to mean that only acceptance *and* completion of ARD shall be considered a first conviction. We recently rejected this interpretation in our *en banc* decision in *Commonwealth v. Becker*, 530 A.2d 888 (Pa.Super., 1987). In that case we held that the plain language of § 3731(e)(2) compels the conclusion that acceptance of ARD is sufficient to trigger an enhanced penalty upon sentencing for a subsequent offense. *Id.*, at 890.

Accordingly, the trial court in the case at bar erred in concluding that appellant's sentence for the 1985 offense was proper and in relying on that conclusion in imposing the sentence at issue in this appeal.[2]

We address next the trial court's conclusion that it was required to treat appellant as a second offender in imposing sentence for the 1984 offense, which occurred first in time. In reviewing this conclusion, we must ascertain when a person "has previously been convicted of an offense under this section" so that an enhanced sentence is mandated by § 3731(e)(1)(ii). Specifically, we must determine whether one has been previously convicted for purposes of that provision where he is convicted on a *subsequent* DUI charge prior to sentencing, but *after* commission of the offense for which he is being sentenced (the principal offense).

In construing statutes, we are to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S.A. § 1921(a). When the language of a statute is clear and unambiguous, we are to construe its provisions in accordance with their plain meaning and common usage. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986). When the words are not explicit, however, the intention of the General Assembly may be ascertained by considering other matters. 1 Pa.C. S.A. § 1921(c). We find that the language of § 3731(e)(1)(ii) is not explicit as it does not indicate when a person must have been previously convicted in order to trigger its enhanced penalty. Accordingly, we may consider matters other than the language itself.

Appellant urges that we apply to the penalty provisions of § 3731 a principle relied upon in our decisions in *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d 435, *allowance of appeal granted*, 513 Pa. 640, 521 A.2d 932 (1986); and *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197, *allowance of appeal granted*, 511 Pa. 619, 515 A.2d 898 (1986). In those cases, we interpreted the

2. We note that *Becker* was filed subsequent to the trial court's decision in this matter.

guidelines promulgated by the Pennsylvania Commission on Sentencing, *see* 204 Pa.Code 303.6 *reprinted at* 42 Pa.C.S.A. § 9721, as conforming to the principle that "prior *convictions* must antedate commission of the principal offense to be eligible for application as sentence enhancers." *Commonwealth v. Mourar, supra,* 349 Pa.Super. at 592, 504 A.2d at 202. We found that this principle was central to most recidivist statutes.

■ Section 3731(e)(1)(ii) is an enhanced sentencing provision applied to recidivists. In our view, as we stated in *Mourar* and *Wolfe:*

Legislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense. It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.

*Commonwealth v. Mourar, supra,* 349 Pa.Super. at 593, 504 A.2d at 203 (quoting 39 Am.Jur.2d Habitual Criminals § 6); *Commonwealth v. Wolfe, supra,* 349 Pa.Super. at 420, 503 A.2d at 438 (quoting 39 Am.Jur.2d Habitual Criminals § 6). As we further noted in those cases, when a criminal statute is susceptible of two constructions, both reasonable, it is not the construction that is supported by the greater reason that is to prevail but the one that operates in favor of the defendant's liberty. *Commonwealth v. Mourar, supra,* 349 Pa.Super. at 595–96, 504 A.2d at 204; *Commonwealth v. Wolfe, supra,* 349 Pa.Super. at 418–19, 503 A.2d at 437. For these reasons, we apply the principle behind *Mourar* and *Wolfe* here and hold that the mandatory minimum sentence of § 3731(e)(1)(ii) does not apply unless the previous conviction precedes commission of the principal offense.[3]

3. As we stated in *Mourar,* however:

We do not deny the propriety of consideration by the court of other offenses in determining sentence. "Prior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing]." *Common-*

In light of this holding, the trial court erred in concluding that it was required to impose a minimum sentence of thirty days in this case. As we noted in *Mourar*, however, "[i]t is only the logic behind the sentence and not necessarily the length to which we take exception." *Commonwealth v. Mourar, supra* 349 Pa.Super. at 596, 504 A.2d at 204. The court's sentence of thirty days to twenty-three months is well within the statutory maximum of two years for a misdemeanor of the second degree. Consequently, on remand, the trial court is free to impose the same sentence, provided that it is otherwise lawfully entered.

In view of the foregoing, we vacate the judgment of sentence and remand for resentencing in accordance with this memorandum. Jurisdiction is relinquished.

*wealth v. Lupatsky,* 341 Pa.Super. 338, 491 A.2d 845 (1985) (citation omitted).

*Commonwealth v. Mourar, supra,* 349 Pa.Super. at 595–96, 504 A.2d at 204.