expert testimony from Price Waterhouse was to be followed in setting the amounts to be paid for medical coverage, the chancellor ordered payment of amounts that did not correspond to that testimony. Under these circumstances, the order specifying payments must be reversed and the case remanded to the Court of Common Pleas for correction of its findings and for entry of an order that is consistent with those findings.[2]

Order reversed, and case remanded.

McDERMOTT, J., files a concurring opinion.

McDERMOTT, Justice.

On the extremely limited issue which has been brought before us, regarding the cost of providing "full 100% coverage," I am constrained to agree with the majority that the arbitrator's findings of fact cannot be sustained. I therefore concur in the result.

537 A.2d 1370

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James WOLFE, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1987.

Decided Feb. 29, 1988.

2. We find no merit in the City's contention, now raised for the first time, that the Court of Common Pleas lacked subject matter jurisdiction in this case. Although the Public Employe Relations Act, 43 P.S. § 1101.1301, vests the Pennsylvania Labor Relations Board with exclusive original jurisdiction in cases where redress is sought for unfair labor practices enumerated in the Act, it is well established that equitable jurisdiction exists in the Court of Common Pleas where, as in the present case, a union seeks judicial enforcement of a labor contract. *Hollinger v. Dept. of Public Welfare,* 469 Pa. 358, 365 n. 10, 367, 365 A.2d 1245, 1249 n. 10, 1250 (1976).

Stuart Suss, Director of Appeals, West Chester, for appellant.

John J. Stanzione, Sara R. Nichols, Timothy I. Melvin, West Chester, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER OF COURT

PER CURIAM.

Appeal dismissed as having been improvidently granted.

LARSEN, J., dissents.

537 A.2d 1370

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul SCHEUING, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1986.

Decided Feb. 29, 1988.