565 A.2d 426

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jeffrey Lynn KIMMEL, Appellant.**

Supreme Court of Pennsylvania.

Argued May 5, 1989.

Decided Oct. 5, 1989.

Debra K. Wallet, Camp Hill, for appellant.

Albert H. Masland, Asst. Dist. Atty., Syndi L. Norris, Asst. Dist. Atty., for appellee.

Stuart Suss, Chester County Dist. Atty., amicus curiae.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Appellant appeals from a judgment of sentence, affirmed by the Superior Court, 377 Pa.Super. 653, 541 A.2d 1152, on the grounds that the trial court erred in applying the mandatory minimum sentence for a second offense committed within seven years of a prior conviction as provided by the language of the Vehicle Code. We granted review in order to examine for the first time a recurring problem of statutory interpretation which already has been addressed below by the Superior Court in *Commonwealth v. Kearns*, 365 Pa.Superior Ct. 13, 528 A.2d 992 (1987); also see *Com-*

*monwealth v. Perkins,* 372 Pa.Superior Ct. 30, 538 A.2d 930 (1988).[1]

The facts indicate that Appellant was arrested on December 28, 1986, and charged with driving under the influence of alcohol in violation of Section 3731(a) of the Vehicle Code, 75 Pa.C.S.A. He pled guilty to this charge on May 4, 1987. Appellant's record at this time included a prior arrest for the same offense on November 7, 1979, to which he also had pled guilty on January 4, 1980. The aggregate record, therefore, was as follows:

| | |
|---|---|
| First arrest: | November 7, 1979 |
| First guilty plea: | January 4, 1980 |
| Second arrest: | December 28, 1986 |
| Second guilty plea: | May 4, 1987 |

Subsequent to his guilty plea in 1987, the court determined that he was a second offender and subject to the minimum thirty-day sentence under § 3731(e)(1)(ii):

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

He was sentenced to prison for thirty days to eighteen months and fined the sum of $510.00 plus court costs.

The issue raised herein is whether Appellant's record fits "within the previous seven years." The trial court, using *Kearns'* measuring rod, read subsection (ii) to mean that the seven year period for recidivism is measured from the

1. No appeals were taken to this Court in either case.

date of the prior conviction to the date of the second offense: "Since the second offense occurred within seven years of the prior conviction, the minimum prison term required under the statute had to be not less than thirty (30) days in prison." See, *Kearns*, 528 A.2d at 995. The court specifically rejected an "offense to offense formula" and made clear that "offense" meant the occurrence of the crime—not the conviction, which, in turn, means the point at which a jury renders a guilty verdict, a guilty plea is entered, or A.R.D. is accepted.[2] The term "violating," therefore, refers to the date on which the offense took place. The measurement runs between the date of the prior conviction and the date when the statute was violated, the point constituting the second offense.

Appellant, by contrast, contends that the seven-year period should be measured by any one of three alternatives: 1) from offense to offense; 2) from guilty plea (conviction) to guilty plea (conviction); or 3) from the prior offense to the second guilty plea. Each measurement would put him beyond the seven-year period and allow him to avoid second-offender status.

We conclude that the courts below were correct and affirm the judgment of sentence. Our decision rests on a fundamental principle of statutory construction under 1 Pa.Cons.Stat.Ann. § 1921(b) (Purdon Supp.1986) (Statutory Construction Act): "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." When "the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage." *Commonwealth v. Bell*, 512 Pa. 334, 339, 516 A.2d 1172, 1175 (1986), construing the Mandatory Minimum Sentencing Act, 42

---

**2.** Acceptance of A.R.D. is counted as a first conviction under 75 Pa.C.S.A. § 3731(e)(2). We have held that the term "convicted" means "found guilty" and not "found guilty and sentenced." *Commonwealth v. Beasley*, 505 Pa. 279, 479 A.2d 460 (1984).

Pa.Cons.Stat.Ann. § 9712 (Purdon 1982). Although the application of a penal statute would subject a defendant to criminal liability, courts still are constrained to adhere to its straightforward meaning. *Commonwealth v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974), and *Commonwealth v. Pope*, 455 Pa. 384, 317 A.2d 887 (1974). Of particular relevance to the issue under review is our decision in *Commonwealth v. Sojourner*, 513 Pa. 36, 41, 518 A.2d 1145, 1148 (1986): "Having closely examined the penalty provisions of section 3731, we are satisfied that the aforementioned provisions are clear and free from ambiguity."

A court must construe each statute, therefore, according to its internal definition. *Commonwealth v. Lobiondo*, 501 Pa. 599, 603, 462 A.2d 662, 664 (1983). In this case, the legislature deliberately used the words "violating" and "conviction" to anchor both ends of the computation. When the term "conviction" is used in a statute, it means "the ascertainment of the guilt of the accused and judgment thereon by the court," stating our ancient rule in *Commonwealth v. Minnich*, 250 Pa. 363, 367, 95 A. 565, 567 (1915). "Violating" in the common usage of the term refers to the time when the offensive conduct takes place, and it should not be confused with the point where the judicial process judges a violator to be accountable and then administers its punishment in accordance with due process. We read Section 3731(e)(1)(ii) as meaning exactly what it says: a present violation and a previous conviction constitute the look-back period. The plain meaning of the statute affords no other interpretation.

Affirmed.