601 A.2d 1253

**COMMONWEALTH of Pennsylvania**

v.

**Kevin BEATTY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1991.

Filed Jan. 21, 1992.

Joseph K. Cottrell, Philadelphia, for appellant.

Nancy L. Butts, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before ROWLEY, President Judge, and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CIRILLO, Judge:

Appellant Kevin Beatty appeals from a judgment of sentence entered in the Court of Common Pleas of Lycoming County following conviction for violation of 75 Pa.C.S. § 3731 (Driving under influence of alcohol or controlled substance) (DUI). This case presents the following issue on appeal: Whether the enhancement provision of the statutory penalty for section 3731 of the Motor Vehicle Code, 75 Pa.C.S. § 3731(e), was illegally applied by the sentencing court where the court utilized as prior convictions those convictions occurring subsequent to the date of the DUI offense for which the defendant was sentenced?

Section 3731(e) of the Motor Vehicle Code provides:

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdiction within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S. § 3731(e).

Kevin Beatty pled guilty to a Centre County DUI charge on November 6, 1989 and was sentenced on December 5,

1989. He was sentenced to ninety days imprisonment based upon the court's finding that he had two prior convictions, one in 1983, and another in 1985. *See* 75 Pa.C.S. § 3731(e)(1)(iii). Beatty was again charged with DUI as a result of an offense occurring on *July 9, 1989.* On July 5, 1990, Beatty was sentenced for the July 9, 1989 offense. He was sentenced to the mandatory minimum of one year imprisonment, *see* 75 Pa.C.S. § 3731(e)(1)(iv), as a result of the sentencing court's determination that *at the time of sentencing* Beatty had three prior convictions within the previous seven years. Beatty argues that at the time of his July 9, 1989 offense he had not yet been convicted of the Centre County charge; his guilty plea on the Centre County charge was not entered until four months after the July 9, 1989 offense. Therefore, Beatty contends, the court improperly applied subsection (iv) of section 3731(e) (providing penalty enhancement for three prior convictions), instead of subsection (iii) (providing penalty enhancement for two prior convictions).

The sentencing court must focus on a defendant's status as a recidivist in order to properly apply the penalty enhancement provisions of section 3731(e). We are presented with the question of what point in time a sentencing court must utilize in establishing the defendant's status—the date of sentencing, or the date of the commission of the offense for which the defendant will be sentenced. This determination is vital to ensure a uniform application of the penalty enhancement provisions.

Here, the sentencing court determined Beatty's recidivist status as of the date of sentencing. The court relied upon the language in the Pennsylvania Supreme Court's decision in *Commonwealth v. Gretz,* 520 Pa. 324, 554 A.2d 19 (1989). In *Gretz,* our supreme court affirmed by per curiam order this court's holding that the defendant, who had been convicted of a second DUI offense, could be sentenced as a second offender on the first DUI offense. The supreme court noted that "if, *at the time of sentencing,* the defendant has previously been convicted, it matters not in what

sequence the arrests or other events occurred." *Id.,* 520 Pa. at 325, 554 A.2d at 20 (emphasis added).

More recently, however, in *Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426 (1989), our supreme court held otherwise. The decision in *Kimmel,* in our estimation, implicitly overrules *Gretz.*

In *Kimmel,* our supreme court concluded that the trial court was correct in applying the measurement employed by this court in *Commonwealth v. Kearns,* 365 Pa.Super. 13, 528 A.2d 992 (1987). In *Kearns,* the seven-year recidivist period was measured from the date of the *first conviction* to the date of the *second offense.* The *Kimmel* court, interpreting the statutory language of section 3731(e)(1), stated:

> In this case, the legislature deliberately used the words "violating" and "conviction" to anchor both ends of the computation. When the term "conviction" is used in a statute, it means "the ascertainment of the guilt of the accused and judgment thereon by the court," stating our ancient rule in *Commonwealth v. Minnich,* 250 Pa. 363, 367, 95 A. 565, 567 (1915). "Violating" in the common usage of the term refers to the time when the offensive conduct takes place, and it should not be confused with the point where the judicial process judges a violator to be accountable and then administers its punishment in accordance with due process. We read Section 3731(e)(1)(ii) as meaning exactly what it says: *a present violation and a previous conviction constitute the lookback period.* The plain meaning of the statute affords no other interpretation.

*Kimmel,* 523 Pa. at 111, 565 A.2d at 428 (emphasis added). *See Commonwealth v. Sojourner,* 513 Pa. 36, 518 A.2d 1145 (1986); *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986); *see also Commonwealth v. Carter,* 353 Pa.Super. 203, 509 A.2d 407 (1986) (imposition of mandatory minimum sentence was precluded because *previous conviction* occurred more than seven years before *date of instant offense*); *cf. Commonwealth v. Dickerson,* 404 Pa.Super.

249, 590 A.2d 766 (1991) (conviction for enhancing offense pursuant to 42 Pa.C.S. § 9714(b) must precede the commission of the later offense); *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 503 A.2d 435, *appeal granted*, 514 Pa. 617, 521 A.2d 932, (1986), *appeal dismissed*, 517 Pa. 406, 537 A.2d 1370 (1988) (conviction for enhancing offense pursuant to 42 Pa.C.S. § 9714(b) requires that conviction for enhancing offense antedate commission of principal offense).

We conclude, therefore, that the trial court erred in utilizing the date of sentencing as the "anchor" or "look-back" date for calculating the penalty enhancement under section 3731(e)(1). The import of *Kimmel* is clear. When determining penalty enhancement under section 3731(e)(1), the sentencing court must utilize the *date of the offense* for which the defendant is to be sentenced, and determine the number of prior convictions as of that date; "a present violation and a previous conviction constitute the look-back period." *Kimmel*, 523 Pa. at 111, 565 A.2d at 428. Only those convictions *prior to* the offense date and within the seven year look-back period shall be utilized to determine the applicable penalty enhancement. ·75 Pa.C.S. § 3731(e)(1).[1]

Judgment of sentence is vacated, and the case is remanded for resentencing in accordance with this decision. Jurisdiction is relinquished.

HUDOCK, J., files a dissenting opinion.

HUDOCK, Judge, dissenting.

Respectfully, I dissent. I believe the majority has mistakenly applied our Supreme Court's specific holding on the particular facts presented in *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989), to a substantially different factual pattern presented by the instant appeal. In doing so, the majority has also found that our Supreme Court overruled precedent it had established only eight months earlier.

1.  75 Pa.C.S.A. § 3731.

In *Kimmel, supra,* the defendant was arrested on December 28, 1986, and charged with Driving Under the Influence, (DUI).[1] Kimmel pled guilty to this charge on May 4, 1987. Kimmel's record also contained a prior arrest for DUI on November 7, 1979, to which he pled guilty on January 4, 1980. Subsequent to Kimmel's guilty plea in 1987, the trial court determined that Kimmel was a second offender under 75 Pa.C.S.A. § 3731(e)(1)(ii). This Court affirmed in an unpublished memorandum. *Commonwealth v. Kimmel,* 377 Pa.Super. 653, 541 A.2d 1152 (1988).

Allocatur was granted and our Supreme Court was presented with a factual situation where Kimmel's first offense occurred on November 7, 1979 and the second offense occurred on December 28, 1986—approximately seven years and one month later. Thus, the Supreme Court was faced with the issue of "whether [Kimmel's] record fits 'within the previous seven years.'" *Commonwealth v. Kimmel, supra,* 523 Pa. at 109, 565 A.2d at 427. In arriving at its conclusion, the Supreme Court noted that this Court had already addressed this problem in *Commonwealth v. Kearns,* 365 Pa.Super. 13, 528 A.2d 992 (1987).[2] In *Kearns,* the conviction date for the first DUI offense was August 6, 1979, and the second offense occurred on April 23, 1986—approximately six years and eight months

1. As this court stated in *Dickerson, supra,* our holding is not meant to suggest that the sentencing court cannot consider the fact of the prior offense in fashioning an appropriate sentence. 404 Pa.Super. at 261 n. 5, 590 A.2d at 772 n. 5. "'Prior *connections,* of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing].'" *Commonwealth v. Wolfe,* 349 Pa.Super. 415, 442, 503 A.2d 435, 439 (1986) (quoting *Commonwealth v. Lupatsky,* 341 Pa.Super. 338, 340, 491 A.2d 845, 847 (1985)).

2. The Supreme Court also cited to *Commonwealth v. Perkins,* 372 Pa.Super. 30, 538 A.2d 930 (1988). *Perkins* dealt with the failure to establish the requisite proof of a New York violation as an equivalent offense for the purpose of § 3731(e)(1)(ii). Beyond citing to *Commonwealth v. Kearns, supra,* for well-settled principles of statutory construction, the *Perkins* court did not engage in any independent interpretation of § 3731(e)(1)(ii) because it was not necessary to the case's disposition.

later.[3] This Court rejected Kearn's argument that the seven year period should be measured from the date of the first offense to the date of the second offense, or from the date of the prior conviction to the date of the present conviction, finding instead that the seven year period was to be measured from the date of the prior conviction to the date of the second offense.

In *Kimmel, supra,* our Supreme Court, in expressly evaluating the phrase "within the previous seven years," § 3731(e)(1)(ii), found that the seven year "look-back" period for recidivism is measured "from the date of the prior conviction to the date of the second offense." *Id.,* 523 Pa. at 109–10, 565 A.2d at 427. Our Supreme Court relied solely on the application of well-settled rules of statutory construction to arrive at this conclusion.[4] In both *Kimmel* and *Kearns,* both our Supreme Court and this Court[5] were confronted with factual situations where, depending on the start date and end date of the seven year period, the respective defendant would qualify for sentencing under § 3731(e)(ii). I cannot believe that our Supreme Court, by affirming this Court's decision in *Kimmel,*[6] *supra,* intended

**3.** The opinion in *Kearns* did not list the date on which the first offense was committed. It is obvious, however, that the DUI arrest must have occurred at some time prior to the conviction. Moreover, given Kearn's argument as stated in the opinion, it is proper to assume that the arrest occurred more than seven years before the commission of the second offense.

**4.** In *Kearns, supra,* this Court compared § 3731(e)(1)(ii) to other sentence enhancer statutes in reaching its conclusion that § 3731(e)(1)(ii) should be analyzed in accordance with other sentencing enhancer statutes which have been interpreted to require that the previous conviction precede the commission of the principal offense. *See e.g., Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986), *vacated and remanded,* 517 Pa. 83, 534 A.2d 1050 (1987). This rationale was adopted and applied by another panel of this Court in *Commonwealth v. Gretz,* 368 Pa.Super. 94, 533 A.2d 732 (1987). However, as shall be seen above, the application of such a rationale to § 3731(e)(1)(ii) has been rejected by our Supreme Court.

**5.** A petition for allocatur was not filed following our decision in *Kearns, supra.*

**6.** In a very brief unpublished memorandum, this Court affirmed the trial court's sentencing Kimmel as a second offender, noting that precisely the same issue had been decided in *Kearns, supra.*

such a holding to apply to circumstances in which multiple DUI offenses/convictions occur well within the seven year time period contemplated by the penalty enhancement provisions of § 3731(e). Unlike the majority, I find that other recently established precedent by the Supreme Court requires a different conclusion.

In *Commonwealth v. Towns*, 356 Pa.Super. 592, 512 A.2d 54 (1986), an unpublished memorandum, Towns was arrested and charged with DUI on October 30, 1984. On December 26, 1984, Towns was again arrested and charged with DUI. Towns was accepted into ARD for the October offense on February 15, 1985. After entering a guilty plea to the second DUI charge on April 8, 1985, Towns was sentenced as a second offender pursuant to § 3731(e)(1)(ii). The sole issue raised on appeal to this Court was whether the trial court erred in invoking § 3731(e)(1)(ii) because Towns contended that, at the time of the commission of the December offense, he was not a second offender. Towns premised his argument on the contention that whether one is a recidivist offender under the DUI statute is determined at the time of the commission of the offense, rather than at the time of sentencing. The panel in *Towns* rejected such an argument as "specious", and affirmed Towns' judgment of sentence. *Id.*, memorandum at p. 1. Our Supreme Court affirmed this Court's decision via a *per curiam* order. *Commonwealth v. Towns*, 517 Pa. 389, 537 A.2d 1361 (1988). Thus, under the facts presented in *Towns*—facts similar to those presented in the instant appeal—our Supreme Court found that the fact that Towns committed a second DUI violation prior to his conviction on the first offense was not an impediment to sentencing Towns as a second offender.

In *Commonwealth v. Gretz*, 368 Pa.Super. 94, 533 A.2d 732 (1987), Gretz was first arrested and charged with DUI in Chester County on May 2, 1984. She thereafter was accepted into ARD and, while under the supervision of that program, was arrested and charged with DUI in Bucks County on January 18, 1985. Following Gretz's guilty plea

to the January offense, the Bucks County Court of Common Pleas sentenced Gretz under the first offender provision of the DUI statute, 75 Pa.C.S.A. § 3731(e)(1)(i). Upon learning of this conviction, the district attorney for Chester County requested and obtained Gretz's removal from the county ARD program. Thereafter, on March 31, 1986, Gretz appeared before the Chester County Court of Common Pleas, pled guilty to the May, 1984, DUI arrest, and was sentenced as a second offender under the recidivist portion of the DUI statute. Thus, although the May 2, 1984 incident occurred before the one in 1985, for sentencing purposes it was treated as a second offense.

This Court reversed the decision of the trial court, finding that Gretz should have been sentenced as a second offender for the 1985 offense and as a first offender for the 1984 offense. More importantly, however, the panel was required to determine whether "one has been previously convicted for purposes of [§ 3731(e)(1)(ii) ] where he is convicted on a *subsequent* DUI charge prior to sentencing, but *after* commission of the offense for which he is being sentenced (the principal offense)." *Id.*, 368 Pa.Superior Ct. at 98, 533 A.2d at 734 (emphasis in original). Gretz urged the panel to interpret § 3731(e) in accordance with the principles established by our decisions in *Commonwealth v. Wolfe,* 349 Pa.Super. 415, 503 A.2d 435 (1986), *appeal dismissed,* 517 Pa. 406, 537 A.2d 1370 (1988), and *Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986), *vacated and remanded,* 517 Pa. 83, 534 A.2d 1050 (1987).[7] In these cases, this Court interpreted the guidelines promulgated by the Pennsylvania Commission on Sentencing, *see* 204 Pa.Code § 303.6, *reprinted* at 42 Pa.C.S.A. § 9721 (Purdon 1982 and Supp.1991), as conforming to the principle that "prior *convictions* must antedate commission of the principal offense to be eligible for application as sentence enhancers." *Commonwealth v. Gretz, supra,* 368 Pa.Su-

7. In *Mourar,* our Supreme Court reversed and remanded for resentencing in light of its decision in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). In *Sessoms,* the Supreme Court invalidated the sentencing guidelines.

per. at 99, 533 A.2d at 734, *quoting Commonwealth v. Mourar, supra,* 349 Pa.Super. at 592, 504 A.2d at 202 (emphasis in original). The *Gretz* panel, noting that the enhanced sentencing provision of § 3731(e)(1)(ii) applied to recidivists, applied the holding of *Wolfe* and *Mourar,* and held that the mandatory minimum sentence of § 3731(e)(1)(ii) does not apply unless the previous conviction precedes commission of the principal offense.

Allocatur was granted and our Supreme Court, once again via a *per curiam* order,[8] reversed this Court. In doing so, the Supreme Court, citing to our decision in *Commonwealth v. Towns, supra,* stated that the panel in *Towns* rejected the sentencing argument as specious. Moreover, the Supreme Court explicitly stated, "[I]f at the time of sentencing, the defendant has been *previously convicted, it matters not in what sequence the arrests or other events occurred." Commonwealth v. Gretz,* 520 Pa. 324, 325, 554 A.2d 19, 20 (1989) (emphasis added).

In the instant appeal, due to the close proximity in which Appellant committed two DUI offenses, his previous conviction on the first offense did not precede the commission of the second offense. Under the Supreme Court holdings of *Towns* and *Gretz,* this sequence of events is of no consequence and Appellant was properly sentenced as a second offender. The Supreme Court's discussion in *Kimmel* does not mention either *Towns* or *Gretz.* I, unlike the majority, do not view this omission as expressing an intention by our Supreme Court to overrule the latter cases *sub silentio,* since the Supreme Court was dealing with a separate and distinct question.

I would affirm the judgment of sentence.

---

**8.** In the *per curiam* order, our Supreme Court also explicitly stated that, although the panel decision in *Towns* was supported by an unpublished memorandum, which itself could not be cited as precedential, the *per curiam* affirmance constituted a binding decision of precedential authority on the question presented and accepted by the Supreme Court for review. It is obvious from reading the *per curiam* orders, as well as the memorandum and opinion detailed above, that the application of § 3731(e)(1)(ii) was the sole issue accepted for review by our Supreme Court in *Towns* and *Gretz.*