601 A.2d 1258

**COMMONWEALTH of Pennsylvania**

v.

**John TOBIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 1991.

Decided Jan. 21, 1992.

Jay Stillman, Asst. Public Defender, Williamsport, for appellant.

Nancy L. Butts, Asst. Dist. Atty., Williamsport, for Com.

Before ROWLEY, President Judge, and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lycoming County. Appellant John Tobin was arrested on July 30, 1990 for driving under the influence of alcohol (DUI). 75 Pa.C.S. § 3731. Seven months later, on February 1, 1991, Tobin was again arrested for a DUI offense. On March 18, 1991, Tobin pled guilty to both charges. Tobin was sentenced for both offenses on July 16, 1991. On the first conviction, the sentencing court imposed a sentence of seven days to five months imprisonment; on the second conviction the court imposed a sentence of forty-five days to eighteen months imprisonment. Tobin contends that the latter sentence, which was based upon Tobin's status as a second offender, *see* 75 Pa.C.S. § 3731(e)(1)(ii), was error.

This court is presented once again with the issue raised in *Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992): Did the sentencing court use the proper method for determining a conviction of a prior offense for purposes of applying the enhancement provisions of 75 Pa.C.S. § 3731(e)? Section 3731(e) of the Motor Vehicle Code provides:

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) *not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense* in this or other jurisdictions *within the previous seven years.*

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S. § 3731(e)(1) (emphasis added).

The facts of this case differ slightly from those in *Beatty*. Nonetheless, the principles espoused in that case apply here with equal vigor. In *Beatty*, the sentencing court utilized the enhancement provision in section 3731(e)(1)(iv) and sentenced Beatty to a mandatory minimum term of imprisonment of one year for an offense which occurred on July 9, 1989. As of the sentencing date, July 5, 1990, Beatty had committed three offenses prior to the July 9, 1989 offense, but his guilty plea for one of the three offenses was not entered until four months *after* his July 9, 1989 offense. This court, applying the law as stated by our supreme court in *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989), held that the sentencing court erred when it used the date of sentencing for the current offense as the "anchor" or "look-back" date for calculating the penalty enhancement under section 3731(e)(1).

When determining penalty enhancement under section 3731(e)(1), the sentencing court must utilize the *date of the offense* for which the defendant is to be sentenced, and determine the number of prior convictions [1] as of that date; "a present violation and a previous conviction constitute the look-back period."

*Commonwealth v. Beatty*, 411 Pa.Super. at 454, 601 A.2d at 1255, *quoting Commonwealth v. Kimmel*, 523 Pa. at 111, 565 A.2d at 428.

1. The term "convicted" means "found guilty" and not "found guilty and sentenced." *Commonwealth v. Beasley*, 505 Pa. 279, 479 A.2d 460 (1984).

Here, Tobin entered his guilty plea to *both* offenses on March 18, 1991. Thus, his guilty plea to his first offense was not entered until after the commission of his second offense. On the date of his second offense Tobin had no prior conviction under this title. 75 Pa.C.S. § 3731(e). Notwithstanding the fact that Tobin did have a prior *offense* on the date of his second offense, the language of the penalty enhancement statute is clear—a person must have a previous *conviction* of an offense under this section within the previous seven years in order to be subject to the enhanced mandatory minimum sentences. *Id.* Consequently, when sentencing Tobin for his second offense, the sentencing court erred when it applied the penalty enhancement provision of section 3731(e)(1)(ii). *Kimmel, supra; Beatty, supra.*

Due to the fortuitous delay in the entry of his guilty plea on the first offense, the application of the law works in Tobin's favor, and, at first glance, appears to bestow an unwarranted and unjust benefit. Our General Assembly, however, has unambiguously qualified the recidivist legislation, "deliberately us[ing] the words 'violating' and 'conviction' to anchor both ends of the computation." *Kimmel,* 523 Pa. at 111, 565 A.2d at 428. Moreover, Tobin does not fall within that class of persons for which the enhancement penalty was intended.

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone except the incorrigible one, who after being reproved, "still hardeneth his neck." If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937) (quoting *Morgan v. Commonwealth,* 170 Ky. 400, 186 S.W. 132 (1916)). Other recidivist legislation has been interpreted in this manner. *See, e.g., Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc) (sentencing court erred in utilizing prior convictions to enhance prior record score, where prior convictions

did not precede commission of offense upon which sentence was currently being imposed); *Commonwealth v. Dickerson*, 404 Pa.Super. 249, 590 A.2d 766 (1991) (for prior conviction to serve as enhancer requiring mandatory minimum sentence for recidivist perpetrators of certain violent crimes, conviction must precede commission of later offense); *cf. Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (1991) (motorist had prior conviction for driving under the influence of alcohol, within meaning of mandatory minimum sentence provision, where motorist had previously been found guilty of the first offense but was not sentenced on the first conviction until after commission of second offense). As we observed in *Dickerson*, this principle is the majority rule in the country. 404 Pa.Super. at 258–60, 590 A.2d at 771, citing *Annot.*, 24 A.L.R.2d 1247. *See generally* 39 Am.Jur.2d Habitual Criminals § 6 ("It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.")

Accordingly, we hold that the sentencing court erred when it applied the enhancement provision of section 3731(e)(1)(ii) in sentencing Tobin for his second offense. *Kimmel, supra; Beatty, supra.* "[F]or a prior conviction to serve as an enhancer, ... the *conviction* must precede the *commission* of the later offense." *Dickerson*, 404 Pa.Super. at 261, 590 A.2d at 772.[2]

For the foregoing reasons, we vacate judgment of sentence and remand for resentencing consistent with this decision. Jurisdiction is relinquished.

HUDOCK, J., files a dissenting statement.

---

**2.** As this court stated in *Dickerson*, our holding is not meant to suggest that the sentencing court, when fashioning an appropriate sentence for the second offense, cannot consider the fact of the prior offense. 404 Pa.Super. at 261 n. 5, 590 A.2d at 772 n. 5. " 'Prior *connections*, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing].' " *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 442, 503 A.2d 435, 439 (1986) (quoting *Commonwealth v. Lupatsky*, 341 Pa.Super. 338, 340, 491 A.2d 845, 847 (1985)).

HUDOCK, Judge, dissenting:

Respectfully, I dissent. *See Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (Hudock, J., dissenting).