J-S44043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS FINCHAM | |
| Appellant | No. 428 WDA 2014 |

Appeal from the Order Entered February 24, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000555-2001

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 14, 2015**

Thomas Fincham brings this *pro se* appeal[1] from the order entered on

February 24, 2014, in the Court of Common Pleas of Fayette County, that

dismissed, without a hearing, his second petition[2] for relief pursuant to the

_____

[1] On January 30, 2014, the trial court allowed PCRA counsel to withdraw after counsel filed, on January 17, 2014, a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and a petition for leave to withdraw.

[2] Fincham's second PCRA petition is not reflected on the docket, nor contained in the certified record.  The court states in its opinion that it treated a letter from Fincham as a request for PCRA relief, **see** PCRA Court Opinion, 4/22/2014, at 4, and the court appointed PCRA counsel on May 7, 2013.  Fincham subsequently filed a *pro se* Amended Motion to Modify and Reduce Sentence and Dismissal of Criminal Complaint, on October 9, 2013, and a second Amended Motion on November 1, 2013.

Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.[3]

Fincham contends (1) he was denied his right to counsel under Article 1 § 9

_____

[3] On December 8, 2008, Fincham entered a guilty plea to several offenses, namely, 75 Pa.C.S. §§ 3731(a)(1) (driving while under the influence of alcohol), 3731(a)(4) (driving with blood alcohol level .10% or greater), and 3361 (driving at safe speed). On February 17, 2009, Fincham was sentenced to 36 months of intermediate punishment with not less than 12 months to be served on house arrest with electronic monitoring.

On July 13, 2012, the trial court revoked Fincham's intermediate punishment sentence and imposed a sentence of incarceration of one and one-half to three years. Thereafter, on September 13, 2012, Fincham, who did not have counsel at the July 13, 2012 hearing, filed a PCRA petition, and the court appointed counsel for Fincham. The court conducted a hearing on February 13, 2013, and granted PCRA relief by vacating the July 13, 2012 sentence and resentencing Fincham. Thereafter, Fincham again sought PCRA relief. *See Commonwealth v. Dehart,* 730 A.2d 991, 994 n.2 (Pa. Super. 1999) (a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only), *appeal denied*, 745 A.2d 1218 (Pa. 1999).

For this PCRA petition to be timely, it was required to be filed within one year from when the judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1), (b)(3) (PCRA time limitations). Here, the judgment of sentence imposed upon revocation became final on Monday, August 13, 2012, 30 days after imposition of the July 13, 2012, revocation sentence, when the time for filing a direct appeal expired.

On March 18, 2013, Fincham filed a *pro se* "Motion to Modify Sentence and Dismiss of Criminal Complaint." The Court denied the motion on the same day. Subsequently, the court entered an order appointing counsel "upon the PCRA motion filed on May 7, 2013." *See* Preliminary Post Conviction Order, 5/7/2013.

Therefore, we consider Fincham's second PCRA petition timely filed within one year of August 13, 2012, the date upon which the judgment of sentence imposed upon revocation became final.

of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments of the United States Constitution, when he did not have counsel present during his sentencing, (2) the sentence he received was greater than the lawful maximum allowed by law at the time he was arrested, (3) he was denied effective assistance of PCRA counsel, and (4) he was denied effective assistance of counsel during his guilty plea. Based upon the following, we affirm.

The PCRA Court has aptly summarized the background of this case, as follows:

> Under rare and complicated circumstances, the incident at issue is a Driving under the Influence ("DUI") offense that was committed on September 30, 2000. According to the Affidavit of Probable Cause, [Fincham] crashed his vehicle into a stone pillar along the northbound side of State Route 119 in Springhill Township, Fayette County, Pennsylvania. Both [Fincham] and his passenger sustained serious injuries and were transported to Ruby Memorial Hospital in Morgantown, West Virginia. While at the hospital, [Fincham] was read his Implied Consent and **O'Connell** warnings, and he signed the Implied Consent form to have his blood drawn at the hospital. [Fincham's] blood alcohol content was measured at .16%.

> On December 21, 2000, [Fincham] was charged with Aggravated Assault by Motor Vehicle, DUI, Driving with a Blood Alcohol Level of .10% or Greater, Failing to Drive at a Safe Speed, Careless Driving, and Driving without a License. The count for Aggravated Assault by Vehicle was subsequently withdrawn.

> On November 7, 2001, a bench warrant was issued for [Fincham's] immediate arrest due to his failure to appear for trial. He was not apprehended until almost seven (7) years later. The bench warrant was lifted on October 30, 2008 by Judge John Wagner, and new bond was set for $2500.00 straight cash. [Fincham] posted that bond and was released.

- 3 -

On [December 8], 2008, [Fincham] entered a guilty plea to all of the remaining counts. This was [Fincham's] fourth DUI offense in seven (7) years. The prior offenses occurred in Marion County, West Virginia, and [Fincham] was sentenced on all three (3) on July 29, 1994.

On February 17, 2009, [Fincham] was sentenced to thirty-six (36) months of Intermediate Punishment with not less than twelve (12) months to be served on house arrest with electronic monitoring. [Fincham] did not appeal this sentence.

Since [Fincham] was a resident of West Virginia at the time of sentencing, his supervision was transferred there. For unexplained reasons and unbeknownst to the Court, [Fincham] was released from electronic monitoring after only seventy-two (72) days. However, while he was still on the Court's supervision, he was charged with Sexual Assault and Incest in West Virginia. He pleaded guilty to the Incest charge and spent eighteen (18) months in a West Virginia prison. These new charges constituted a direct violation of his supervision. Furthermore, [Fincham] had several "technical violations" of his supervision for his failure to report and failure to pay.

On July 13, 2012, the Court revoked [Fincham's] Intermediate Punishment and resentenced him to a term of incarceration of one and one-half years (1.5) to three (3) years. [Fincham] was unrepresented by counsel at the Revocation and Resentencing Proceedings.

On September 13, 2012, [Fincham] filed a PCRA [petition] seeking credit for the time he was incarcerated in West Virginia, and he argued that his federal and state Constitutional rights were violated because he was not represented by counsel during the July 13 Proceedings. The Court issued a Notice of [I]ntention to Dismiss the PCRA [petition] on October 3, 2012. [Fincham] responded to the Notice of Intention to Dismiss on October 22, 2012. On December 10, 2012, the Court appointed the Fayette County Public Defender's Office to represent [Fincham] and ordered another Resentence Proceeding.

On February 12, 2013, the Court conducted a second Resentence Hearing, and [Fincham] was represented by Assistant Public Defender David Kaiser, Esquire. After a lengthy

- 4 -

discussion on the record regarding his prior DUI's and the Incest conviction, the Court vacated the Sentence Order dated July 13, 2012 and resentenced [Fincham] to a period of incarceration of fifteen (15) months to thirty (30) months, followed by a consecutive term of six (months) probation. [Fincham] was given credit for the time he served on house arrest, the time spent awaiting extradition in West Virginia, and the time he served in prison awaiting his new sentence.

On March 18, 2013, [Fincham] filed a "Motion to Modify Sentence and Dismiss of Criminal Complaint." The Court denied the Motion on the same day. Later, [Fincham] sent the Court a letter that was treated as a second PCRA [petition] and appointed Fayette County Conflicts Counsel Jeremy Davis, Esquire to review it. Attorney Davis later resigned as Conflicts Counsel and withdrew from the case. Newly appointed Conflicts Counsel James V. Natale, Esq. was appointed to represent [Fincham]. Attorney Natale was given additional time to review and possibly amend the PCRA [petition].

On October 9, 2013, [Fincham] filed an Amended Motion to Modify and Reduce Sentence and Dismissal of Criminal Complaint, and he filed a second Amended Motion of that nature on November 1, 2013.

On January 17, 2014, Attorney Natale filed a No Merit Letter pursuant to **Commonwealth v. Finley**, 481 U.S. 551 (1987) and **Commonwealth v. Turner**, 544 A.2d 927 ([Pa.] 1988) and a Motion to Withdraw. The Court granted the Motion on January 30, 2014.

On February 7, 2014, the Court issued a Notice of Intention to Dismiss the PCRA [petition], and after receiving no response from [Fincham], the Court dismissed the PCRA [petition] on February 27, 2014. A timely appeal followed.

PCRA Court Opinion, 4/22/2014, at 2–5.[4]

_____

[4] We note Fincham timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Preliminarily, we state our standard of review:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (citation omitted).

In his first argument, Fincham contends his federal and state constitutional rights were violated because he was not represented by counsel at the July 13, 2012 intermediate punishment revocation/sentencing hearing. This argument, however, is moot.

In response to Fincham's first, *pro se* PCRA petition, filed September 13, 2012, the court, on October 3, 2012, issued notice of intent to dismiss the petition. Thereafter, according to the docket, on October 22, 2012, Fincham filed a *pro se* petition for credit for imprisonment while in custody prior to sentence, and a letter to the judge.[5] On November 16, 2012, Fincham sent *pro se* correspondence to the court. The certified record contains a hand-written "Motion to Modify Sentence," dated November 13, 2012, wherein Fincham asserts he did not have counsel at the July 13, 2012,

_____

[5] These documents are not part of the certified record.

hearing.[6] The PCRA court, on December 10, 2012, appointed counsel for Fincham and ordered an updated presentence report for resentencing. *See* Order, 12/11/2012. On February 12, 2013, at a hearing with counsel present to represent Fincham, the court, upon consideration of Fincham's *pro se* PCRA petition and his motion for time credit, vacated the July 13, 2012 sentence of one and one-half to three years' imprisonment. *See* Resentence Order, 2/13/2013. The court resentenced Fincham to 15 to 30 months' imprisonment, followed by 6 months' probation.[7, 8] *See id.* Accordingly, Fincham's complaint that he was denied counsel at the July 13,

_____

[6] The record reflects that Fincham appeared *pro se* at the July 13, 2012, intermediate punishment/sentencing proceeding, and that the hearing proceeded, without a colloquy to determine whether Fincham was waiving his right to counsel, and without counsel for Fincham.

[7] At the February 12, 2013, hearing, appointed counsel advised the court that it was Fincham's understanding that his DUI offense was a second offense DUI, and a misdemeanor of the second degree. *See* N.T., 2/12/2013, at 4. Counsel also advised the court that "one of the reasons for revocation was an allegation of sexual assault that was later dismissed and that he was not convicted for." *Id.* The court determined Fincham's DUI offense was his fourth DUI offense and was a first degree misdemeanor, under the statute then in effect. *See id.* at 12. *See also* 75 Pa.C.S. 3731 (now repealed). The court accepted Fincham's assertion regarding the sexual assault charge. *See id.* at 19.

[8] The court also gave Fincham credit for time served from April 1, 2009 to June 11, 2009 on electronic monitoring in the State of West Virginia and for time spent awaiting extradition from June 8, 2012 through July 13, 2012. In addition, Fincham received credit for time served from July 13, 2012 to February 12, 2013. *See* Resentence Order, 2/13/2009.

2012 revocation/sentencing proceeding, is moot in light of the February 12, 2013 resentencing hearing, and warrants no relief.

Next, Fincham claims that his sentence is illegal because the court applied the "seven year look back," which related to his DUI offense, to a previous DUI offense that was over seven years old. *See* 75 Pa.C.S. § 3731 (now repealed). This argument is unavailing. The PCRA court cogently explained:

> Second, [Fincham] argues that his sentence was greater than the maximum permitted by law at the time he was placed under arrest. As stated above, the DUI offense in question occurred on September [3]0, 2000, and the DUI statute in 2000 was different than the present statute. In 2000, the statute had a seven (7)-year look back period to previous offenses.
>
> The Pennsylvania Supreme Court explained how courts were to calculate this seven (7)-year period: "We read Section 3731(e)(1)(ii) as meaning exactly what it says: a present violation and a previous conviction constitute the look-back period." *Commonwealth v. Kimmel*, 565 A.2d 426, 428 (Pa. 1989).
>
> Here, [Fincham] was convicted of three (3) prior DUI's in Marion County, West Virginia on July 29, 1994, and he committed the DUI in question on September 30, 2000. The three (3) previous convictions occurred only six (6) years before the offense in question. Accordingly, [Fincham] was properly sentenced for a fourth DUI offense before the court.

PCRA Court Opinion, 4/22/2014, at 8. As our review of the record confirms the PCRA court's analysis, we conclude no relief is due on Fincham's argument concerning the seven year look back.

Fincham also complains that the DUI offense was charged as a second degree misdemeanor, but he was sentenced for the DUI as a misdemeanor

of the first degree.[9]    At the plea hearing, the Commonwealth's attorney advised the court that the terms of the plea agreement were that in exchange for the plea, there would be a mandatory minimum, with no objection to intermediate punishment in the form of house arrest.  *See* N.T., 12/8/2008, at 2.  Although Fincham's DUI offense was initially charged as a second degree misdemeanor, there was discussion during the plea hearing about whether Fincham's DUI offense was his fourth within the seven year look back period of the relevant statute.  *See id.* at 6.  A fourth DUI offense within seven years constituted a first degree misdemeanor, and carried a mandatory minimum sentence of one year in prison under the statute then in effect.  *See* 75 Pa.C.S. § 3731 (now repealed).

On December 8, 2008, prior to entering his plea, Fincham was advised regarding the one-year mandatory minimum sentence for a fourth DUI offense within seven years.  *See* N.T., 12/8/2008, at 8.  At the subsequent sentencing hearing, the trial court explained to  Fincham before sentencing him that his DUI offense was "a fourth offense in a seven-year period … [which] would leave [him] facing up to 5 years in prison if [he] violate[d] the

---

[9] This issue was hand-written on Fincham's typed Rule 1925(b) statement. The PCRA court did not address this issue in its opinion in support of its decision denying PCRA relief.  However, the court had previously addressed this issue in its order denying Fincham's *pro se* motion to dismiss criminal complaint and modify sentence.  *See* Order, 3/18/2013.

terms and conditions of the intermediate punishment program." N.T., 2/17/2009, at 8. Fincham indicated he wanted to proceed. *See id.*

The court, in its order denying Fincham's *pro se* motion to modify sentence, filed after the imposition of the February 12, 2013, revocation sentence, aptly explained the grading of the DUI offense:

> [Fincham] was "convicted" of three other counts of DUI on July 29, 1994 in Marion County, West Virginia. The incident dates for those DUIs are September 2, 1993, September 8, 1993, and December 17, 1993; but all have 1994 docket numbers, confirming that he was not "convicted" until 1994. The seven year recidivism penalty is measured — not from the earlier incident date but — **from the date of the older "conviction" until the date of the new offense.** Fincham was "convicted" of all three prior offenses (that operate to enhance here) on July 29, 1994, exactly 6 years, 2 months and one day before he committed the instant offense.
>
> At the time of the instant offense, "first" and "second" DUIs were misdemeanors of the second degree punishable by a maximum of two years in prison. "Third" and "fourth" offenses were misdemeanors of the first degree punishable by a maximum of five years in prison. The instant offense was the defendant's fourth in the seven year "look back" period, and also carried a <u>mandatory</u> minimum of one year in prison. (In retrospect, the initial imposition of house arrest may have been inappropriate since it was not an available sentencing option when the crime was committed — but, the defendant evidently had no complaint about that).
>
> The sentence of fifteen months to thirty months with an additional six months of probation is only three months more that the mandatory minimum despite the defendant's inability to comply with the most rudimentary terms of supervision and his extended failures to appear when ordered. The sentence is not illegal.

Order, 3/18/2013, at 3-4 (denying Fincham's *pro se* "Motion to dismiss criminal complaint and modify sentence") (emphasis and underlining in original).

Our review confirms that the seven year look back period was correctly applied, and that Fincham's DUI offense constitutes a fourth DUI offense, a misdemeanor of the first degree, which carries a mandatory minimum of one year, and a maximum five year sentence. Accordingly, we reject Fincham's challenge to the legality of the revocation sentence.

Finally, Fincham presents two ineffectiveness claims. Specifically, Fincham's Rule 1925(b) statement states:

> [Fincham] was denied effective assistance of P.C.R.A. counsel.
>
> [Fincham] was denied effective assistance of counsel during his guilty plea.

Fincham's Pa.R.A.P. 1925(b) Statement.

With regard to the claim of PCRA counsel's ineffectiveness, even though the PCRA court addressed the issue, the court opined it was unclear from Fincham's Rule 1925(b) statement whether Fincham was referring to counsel who represented Fincham at the February 12, 2013, proceedings, counsel who was initially appointed PCRA counsel for this second petition, or counsel who replaced initial PCRA counsel and filed a no-merit letter. **See** PCRA Court Opinion, 4/22/2014, at 10. We agree. Moreover, Fincham did not identify any specific claim of ineffectiveness in his concise statement. Accordingly, we conclude that this ineffectiveness claim is waived due to its

- 11 -

vagueness and lack of specificity. *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) ("[I]f a concise statement is too vague, a court may find waiver."), *appeal denied*, 32 A.3d 1275 (Pa. 2011). *See also, Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa. Super. 2002) ("[W]hen an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issues he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion.").

With regard to the remaining claim, Fincham contends counsel was ineffective during the guilty plea hearing. We may not review this claim. This Court has explained that where a new sentence is imposed at an intermediate punishment revocation hearing, the time for seeking PCRA relief runs for one year from when the judgment of sentence becomes final, "*but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence*." *Commonwealth v. Anderson*, 788 A.2d 1019, 1022 (Pa. Super. 2001) (emphasis in original), *appeal denied*, 798 A.2d 1286 (Pa. 2002). Consequently, we cannot review Fincham's ineffective assistance of counsel claim related to his 2008 guilty plea hearing. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1062 n.3 (Pa. Super. 2011) (finding untimely defendant's claim of counsel's ineffectiveness that related to his original guilty plea and sentence;

revocation of probation did not "reset the clock" for PCRA purposes), *appeal denied*, 38 A.3d 823 (Pa. 2012).[10]

Having considered the contentions of Fincham, and finding that they present no basis upon which to disturb the decision of the PCRA judge, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015

---

[10] Fincham did not appeal his February 17, 2009 intermediate punishment sentence, and therefore that sentence became final 30 days later, on March 19, 2009, when the time to file a direct appeal expired. Consequently, Fincham's PCRA claim of guilty plea counsel's ineffectiveness had to have been filed within one year of when the judgment of sentence became final, that is, by March 19, 2010, or Fincham was required satisfy a statutory exception to the one year time bar, which he has failed to do here. **See** 42 Pa.C.S. § 9545(b) ("Time for filing petition").