[J-48-2015] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 25 EAP 2014
:
    Appellant : Appeal from The Judgment of Superior
: Court entered on 02/06/2014 at No. 947
: EDA 2012 vacating and remanding the
    v. : Judgment of Sentence entered on
: 03/12/2012 in the Court of Common
: Pleas, Philadelphia County, Criminal
TERELL HALE, : Division at No. CP-51-CR-0007307-
: 2010.
    Appellee :
: ARGUED:  September 9, 2015

**DISSENTING OPINION**

**MR. JUSTICE STEVENS**                   **DECIDED:  December 21, 2015**

I respectfully disagree with the Majority's decision to affirm the Superior Court's order holding that a defendant's past juvenile adjudication of delinquency for aggravated assault does not qualify as a "conviction" for purposes of applying the sentencing enhancement under the penalty provision of the persons-not-to-possess firearms statute, 18 Pa.C.S. § 6105(a.1)(1).  Therefore, I dissent.

This Court has held that a conviction is defined as "the ascertainment of the guilt of the accused and judgment thereon by the court."  Commonwealth v. Kimmel, 523 Pa. 107, 565 A.2d 426, 428 (1989).  However, in the context of the Death Penalty Statute, this Court has accorded the term a broader reach, encompassing instances in which there has been a finding of guilt, even though a judgment of sentence has not yet been imposed.  Commonwealth v. Beasley, 505 Pa. 279, 479 A.2d 460 (1984).  A juvenile

delinquency adjudication, which involves a finding that a juvenile committed a criminal act, see 42 Pa.C.S. § 6341(a), (b), has been treated as a conviction at the sentencing phase of a death penalty case to establish an aggravating circumstance.[1] See Commonwealth v. Baker, 531 Pa. 541, 614 A.2d 663 (1992). Furthermore, this Court has found juvenile delinquency adjudications are admissible to rebut mitigating circumstances in death penalty cases. See Commonwealth v. Stokes, 532 Pa. 242, 615 A.2d 704 (1992).

The Commonwealth requests that this Court give the word "convicted" the same meaning in the instant statute as we have in the Death Penalty Statute. I agree with the Commonwealth's viewpoint in this regard, and therefore, I would reverse the Superior Court's order.

---

[1] 42 Pa.C.S. § 9711(d)(9) provides that, in death penalty cases, the following shall be considered an aggravating circumstance: "The defendant has a significant history of felony convictions involving the use or threat of violence to the person."