J-S47009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC THEADY BANKS | |
| Appellant | No. 200 MDA 2020 |

Appeal from the Judgment of Sentence January 30, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001361-2018

BEFORE:  STABILE, J., NICHOLS, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 29, 2020**

Appellant, Eric Theady Banks, appeals from his judgment of sentence of 12½—25 years' imprisonment for simple assault, persons not to carry firearms and carrying a firearm without a license.[1]  We affirm.

The trial court accurately summarized the evidence as follows:

> The events occurred at a private residence [address omitted] at approximately 10:30 p.m. on November 18, 2017.  A sizable group of family and friends had gathered at the residence due to the family receiving news that an aunt had been diagnosed with terminal cancer.  Between 10:30 p.m. and 11:00 p.m., Appellant arrived at the residence and began to argue with his then girlfriend [name omitted].  At this point the victim, [L.T.], told Appellant to leave because there were several children present.  In response, Appellant opened his coat and flashed [L.T.] a gun under the coat. He did this three or four times.  [L.T.] testified that she was not initially afraid because Appellant was known to her from a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701, 6105 and 6106, respectively.

previous relationship years earlier. However, when the children ran toward the scene, she realized the potential danger of the situation and immediately began to fear an imminent threat Appellant posed to her and her family. At that point the women of the household, including [the then girlfriend and L.T.], managed to get him to leave the house. Shortly thereafter, multiple people reported hearing gunshots immediately after Appellant left the house and before he drove away. Three shell casings were found on the ground approximately one block away from the residence.

Trial Court Opinion, 4/21/20, at 1-2 (record citations omitted).

On November 7, 2018, the case proceeded to a jury trial. At the close of evidence, the parties stipulated that Appellant did not have a concealed carry permit and was not permitted to carry a firearm. On November 8, 2018, the jury found Appellant guilty of simple assault, persons not to possess firearms and carrying a firearm without a license. The jury acquitted Appellant of reckless endangerment.

On January 30, 2019, the court imposed the following consecutive sentences: 8—16 years' imprisonment for persons not to possess firearms, 3½—7 years' imprisonment for carrying firearms without a license, and 1—2 years' imprisonment for simple assault. Appellant filed timely post-sentence motions, which the court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal, which we reorder for purposes of convenience:

I. Whether the Commonwealth failed to present sufficient evidence at trial to sustain the verdict of guilty on the charge [of] simple assault as the Commonwealth failed to produce any

- 2 -

evidence that [Appellant] attempted or intended to place the complainant in fear of imminent serious bodily injury?

II. Whether the court erred as a matter of law in imposing consecutive sentences on the convictions for persons not to possess a firearm and carrying a firearm without a license as the offenses merge for sentencing purposes as each statute protects a substantially similar harm to the Commonwealth?

III. Whether the sentencing court abused its discretion by imposing an aggregate sentence of 12½ to 25 years with each count running consecutive to one another which was clearly unreasonable and committed an error of law by failing to state sufficient reasons on the record and double counted factors in imposing sentences in the aggravated range and consecutively[?]

Appellant's Brief at 6.

In his first argument, Appellant challenges the sufficiency of the evidence underlying his conviction for simple assault by claiming that the Commonwealth failed to adduce evidence that he placed the complainant in fear of imminent serious bodily injury. This argument is devoid of merit.

When addressing a challenge to the sufficiency of the evidence, this Court must "view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its burden by circumstantial evidence alone. *Commonwealth v. Hopkins*, 747 A.2d 910, 913 (Pa. Super. 2000).

To sustain a conviction for simple assault, the Commonwealth must prove that Appellant "attempted by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3). The Crimes Code

defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Verbal threats are not necessary to prove the element of physical menace. *See*, *e.g.*, *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) (pointing gun at another person can constitute simple assault by physical menace to put another in fear of imminent serious bodily injury).

Here, Appellant entered L.T.'s home and immediately began arguing with his girlfriend and others in the residence. N.T., Trial, 11/08/18, at 104, 173-74. L.T. testified that when the arguing continued and she told Appellant he needed to leave, he responded by "flipping his coat open." *Id.* at 105. It was at that point that she "saw a gun and freaked out." *Id.* at 106. She immediately jumped to her feet and continued to tell Appellant he had to leave; others then began yelling at him to get out. *Id.* Appellant flipped his coat open "three or four times" while telling her and the others present that they could call whomever they wanted to call; it was her belief this was in reference to people involved in the previous dispute that initiated the argument between Appellant and his girlfriend. *Id.* at 107-08. While L.T. stated that she did not feel threatened at first, she felt threatened enough when he "kept doing it" that she made all the children retreat upstairs. *Id.* at 108-09. Although Appellant did not explicitly threaten to shoot or injure anyone, his argumentative and angry demeanor, combined with his repeated

displays of his firearm, clearly constituted an attempt by menace to place another in fear of imminent serious bodily injury. Accordingly, we conclude the evidence was sufficient to support Appellant's conviction for simple assault.

Next, Appellant argues that the trial court erred by imposing consecutive sentences for persons not to possess a firearm and carrying a firearm without a license because these offenses merged for sentencing purposes. We disagree.

Whether Appellant's convictions merge for sentencing is a question implicating the legality of his sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. ***Commonwealth v. Bernard***, 218 A.3d 935, 942 (Pa. Super. 2019). The Judiciary Code provides with regard to merger of sentences:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Merger of offenses is appropriate where "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." ***Commonwealth v. Roane***, 204 A.3d 998, 1002 (Pa. Super. 2019). If both crimes require proof of at least one element that the other does not, then the

sentences do not merge." ***Commonwealth v. Johnson***, 874 A.2d 66, 70 (Pa. Super. 2005).

The crime of carrying firearms without a license requires proof that Appellant carried a firearm in a vehicle or "concealed on or about his person, except in his place of abode or fixed place of business, without a valid lawfully issued license." 18 Pa.C.S.A. § 6106(a)(1). The crime of persons not to carry firearms requires proof that Appellant is a person convicted of an enumerated offense, or whose conduct meets enumerated criteria, and that he possessed a firearm. 18 Pa.C.S.A. § 6105(a)(1). Neither offense subsumes all of the elements of the other offense. Thus, they do not merge for purposes of sentencing. ***Commonwealth v. Williams***, 980 A.2d 667, 673-74 (Pa. Super. 2009) (sentences for persons not to carry firearms and carrying a firearm without a license did not merge under Section 9765, because person could violate persons not to carry firearms statute without violating statute prohibiting carrying firearm without license).

Finally, Appellant argues that the trial court abused its discretion by imposing an aggregate sentence of 12½—25 years' imprisonment because it double-counted various factors in the course of imposing sentence.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Instead, where, as here, an appellant challenges the discretionary aspects of sentence, this Court treats his appeal as a petition for

allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Appellant satisfies the first three requirements of this test, because he filed a timely appeal to this Court, preserved the issue on appeal through post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief. Furthermore, his claim that the court double-counted various factors in imposing sentence raises a substantial question concerning the propriety of his sentence. *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000), ("double-counting" sentencing factor to justify the imposition of sentence where that factor is already accounted for by sentencing guidelines is abuse of discretion). Accordingly, we proceed to the substance of his argument.

The trial court comprehensively explained its reasons for sentencing Appellant as follows:

> Sentencing above the aggravated range requires the trial court to place its reasoning on the record to show that the court did not ignore or misapply the law, exercise its judgment for reasons of partiality, prejudice, bias or ill will, or arrive at a manifestly unreasonable decision. *See Commonwealth v. Matthews*, 196 A.3d 242, 251 (Pa. Super. 2018). The Pennsylvania Supreme Court made this clear when they stated that an abuse of discretion will only take place when the sentence is the "result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 961 (Pa. 2007) (referencing *Commonwealth v. Smith*, 543 Pa. 566, 673 A.2d 893, 895 (Pa. 1996)). The Superior Court stated that when imposing a sentence, "the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa. Super. 2006) (internal citations omitted). The applicable law in sentencing is found in 42 Pa.C.S.A. § 9721(b), which requires that "[i]n every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission."
>
> Furthermore, appellate courts accord the lower court's reasoning great deference as the sentencing court is in the best position to view the defendant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000). A sentencing court's ruling should be upheld unless the record reflects that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, or ill will. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).
>
> The record in this case reflects that the sentencing court incorporated the recommendation of the sentencing guidelines, as well the protection of the public, the gravity of the offense, and

the rehabilitative potential of Appellant. At Appellant's sentencing, this Court stated that it had "considered the PSI, considered the arguments of counsel, presided over the trial, so I considered all the evidence that was presented at the trial, considered [Appellant's] record." N.T. Sentencing, 01/30/19, at 6. The sentencing court listed the PSI guidelines for the standard and aggravated range sentences on the record. [*Id.*] at 5-6.

After taking account of the sentencing guidelines applied in Appellant's case, this Court explained why Appellant lacks rehabilitative potential. Appellant was convicted of Person Not to Possess a Firearm, Carrying a Firearm without a License, and Simple Assault. [H]is PSI indicated he also had an extensive prior record involving a pattern of similar crimes. These crimes were factored into Appellant's prior record score, and were only used by this Court in weighing Appellant's rehabilitative potential. Appellant has two prior counts of recklessly endangering another, two prior counts of aggravated assault, a prior simple assault, as well as a prior firearms not to be carried and person not to possess conviction, which places his prior record score at RFEL. Additionally, Appellant was sentenced outside the guidelines because sentencing guidelines do not capture the fact that Appellant continued to commit the same firearm and assaultive offenses again, a fact specifically probative of lack of remorse and rehabilitative potential in regard to being a man prone to committing violence.

His history reveals Appellant will continue to engage in a pattern of violent acts and the use of firearms and is unlikely to reform his behavior. After Appellant was arrested on the charges in the present matter, he received write-ups for threatening prison staff and a separate fighting offense, both in June of 2018, while in prison.

Additionally, Appellant received a write-up in July of 2018 for refusing an order of staff. Appellant's history of violence, coupled with Appellant's willful continuation of violence once incarcerated on these charges, demonstrates that Appellant is an ongoing threat to community safety by committing violent and threatening acts, and shunning all rehabilitative efforts to stop such conduct. Considering all of the above information the court found Appellant not to have rehabilitative potential from his violent and criminal disposition, as well as to be lacking any remorse for his violent

history. These reasons were placed on the record. N.T. Sentencing, 01/30/2019 at 5-8.

This Court also found that Appellant demonstrated a lack of remorse and rehabilitative potential through his incredible story of having himself been the victim of the shooting on the night in question. N.T. Sentencing, 01/30/2019 at 8-9; N.T. Trial, 11/08/2018, at 180-86. In his quasi-alibi, Appellant tried to pass the blame for his actions on to some other, unknown, bystander thereby attempting to mislead the police and the jury. This Court is not using these facts as evidence of another crime to increase Appellant's punishment, [since] he was never convicted for putting forth those falsehoods, but as a further demonstration of his lack of rehabilitative potential through his lack of remorse for his violent crimes.

Beyond Appellant's rehabilitative potential and the sentencing guidelines, this Court was required to address public protection and the impact of Appellant's behavior on the victim and the community. Appellant's reckless firing of the weapon while illegally possessing it was also considered, and found to be of great concern. N.T. Sentencing, 01/30/2019 at 9. By randomly firing it in the air as he left, he endangered everyone in the range of those randomly fired bullets in a highly populated urban area where children were present. This type of senseless conduct is the very reason the legislature does not want unstable felons with poor judgment to possess firearms.

The case law supports sentencing above the aggravated range based on Appellant's history. In **Commonwealth v. Darden**, the Superior Court explained that crimes not incorporated into a prior record score could be considered in sentencing, but stated, "Nevertheless, `[p]rior connections of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized' in determining the appropriate sentence." **Commonwealth v. Darden**, 531 A.2d 1144, 1149 (Pa. Super. 1987) (quoting **Commonwealth v. Lupatsky**, 491 A.2d 845, 847 (Pa. Super. 1985)).

Our Supreme Court has stated that while incorporation of the sentencing guidelines is mandatory, they remain as guidelines and nothing more:

> It is well-established that the Sentencing Guidelines are purely advisory in nature. As this Court explained in ***Commonwealth v. Sessoms***, 516 Pa. 365, 532 A.2d 775, 780-81 (Pa. 1987), the Guidelines do not alter the legal rights or duties of the defendant, the prosecutor or *the sentencing court*. The guidelines are merely one factor among many that the court must consider in imposing a sentence.

***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007) (emphasis added). While there is an inherently fine line between the PSI's incorporation of a defendant's prior record and a sentencing court's consideration of this prior record to judge a defendant's rehabilitative potential, this Court believes the statute is clear that both must be considered separately, and that collapsing the concepts together ignores its duty to sentence based on all of the information and evidence available. Prior record scores are an important objective numerical consideration, but not a replacement for the subjective nuances of sentencing inherent in evaluating remorse and rehabilitative potential, which look forward, not backward, in assessing the likelihood of continued criminality.

In light of Appellant's threat to his community, his violent character, lack of remorse, and lack of rehabilitative potential, Appellant's sentence was not manifestly unreasonable. Appellant refused all efforts at rehabilitation presented to him in his past convictions. Appellant has a history of violence dating back to the late 1990s. Instead of looking to reform his behavior, he maintained his well-worn path to keep causing harm to society. Appellant has a violent mindset, and wishes to continue his ways of interacting with others through violence. For these reasons he needs to be separated from society for a lengthy period of time, in excess of standard ranges where a defendant does have rehabilitative potential, or even the aggravated range. His sentence is appropriate in light of the factors cited by the court.

Trial Court Opinion, 4/21/20, at 6-11 (minor stylistic revisions). We agree with the trial court's thorough and thoughtful consideration of Appellant's sentence and reject Appellant's claim of double-counting. Appellant's sentence is a proper exercise of the trial court's discretion.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020